IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YVONNE CAITANO, | CIVIL NO. 22-00517 SOM-WRP |
| Petitioner, | |
| vs. | ORDER DENYING PETITIONER YVONNE CAITANO'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |
| ESTELA DERR, WARDEN, | |
| Respondent. | |

**ORDER DENYING PETITIONER YVONNE CAITANO'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**I.      INTRODUCTION AND BACKGROUND.**

Yvonne Caitano seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] *See* ECF No. 1.[2] With her petition, she urges the court to order the Bureau of Prisons (BOP) to recalculate her statutory release date in light of the reforms established by the First Step Act (FSA). *See* First Step Act of 2018, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194. The BOP argues that this case should be dismissed as moot because it has already conducted the requested sentence recalculation. *See* ECF No. 5, PageID # 8. The court concludes that the

---

[1] Caitano identifies the respondent as "Warden Estelle Derr." The Government, however, alternates between identifying the respondent as "Warden Estela Derr," *see* ECF No. 5, PageID # 7 and 10, and "Warden Estelle Derr," *see id.*, PageID # 8.

[2] Unless otherwise noted, all Electronic Case File citations in this order refer to the docket in this case, Civ. No. 22-00517-SOM-WRP.

recalculation has already occurred, the case is now moot, and the petition must be denied.

On February 18, 2020, after being found guilty of two counts of drug-related felonies, Caitano was sentenced to 60 months of imprisonment and three years of supervised release. *See USA v. Bade et al.*, Civ. No. 18-00167, ECF No. 173. When Caitano started her term of imprisonment, in March 2020, the BOP calculated her statutory release date as June 30, 2024. *See* ECF No. 5, PageID # 9.

Caitano filed this petition in December 2022, alleging that the BOP had not recalculated her release date to reflect the Earned Time Credits (ETCs) that she is entitled to under the FSA.[3] *See* ECF No. 1. The Government responded on February 1, 2023, arguing that the matter is moot because the BOP has now updated Caitano's release date to reflect the 300 days of ETCs that she has earned. *See* ECF No. 5-1, PageID # 15. Based on the BOP's new calculations, Caitano is currently eligible for community confinement and has a projected release date of September 4, 2023. *See id*.

**II.      JURISDICTION.**

Section 2241 enables those in custody to "challenge the

---

[3] Signed into law in 2018, the FSA mandated the creation of a system of ETCs that enabled some inmates to expedite their release date through participation in productive activities and recidivism-reducing programs. 18 U.S.C. § 3632(d)(4)(A).

manner, location, or conditions of [their] sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). It is a proper way for Caitano to challenge the BOP's calculation of her statutory release date. *See e.g.*, *Keegan v. Derr*, No. CV-22-00089, 2023 WL 2403941 (D. Haw. Mar. 8, 2023) (partly granting a § 2241 petitioner's request for recalculation of his statutory release date); *see also Walsh v. Boncher*, No. 22-cv-11197, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023).

Caitano selected the proper procedural vehicle for this challenge, but the court cannot address its merits unless the court has jurisdiction. Accordingly, before reaching the merits, the court must address whether this case is moot. If it is, Caitano's petition must be denied.

The mandate to dismiss moot cases derives from the case or controversy requirement of Article III. *See Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021). A case becomes moot when, following its filing, "subsequent events resolve the dispute, such that no live issues remain or the parties lack a legally cognizable interest in the outcome[.]" *Cuviello v. City of Vallejo*, 944 F.3d 816, 824 (9th Cir. 2019) (citation omitted); *see also Pizzuto v. Tewalt*, 997 F.3d 893, 903 (9th Cir. 2021).

The Government contends that it has already recalculated Caitano's projected release date to reflect the 300

days of ETCs she has accrued. *See* ECF No. 5, PageID # 9. Caitano did not file a reply and thus has not contradicted the Government's account.

Based on the record provided, the court finds that the BOP has recalculated Caitano's sentence. *See* ECF No. 5-1, PageID # 15. As a result, Caitano is now eligible for release to community confinement, *see id.*, which is the primary relief she seeks with her petition, *see* ECF No. 1, PageID # 2. Because BOP has updated Caitano's projected release date and deemed her eligible for release to community confinement,[4] there are no live issues remaining in this matter and the court must deny the petition and dismiss the case.

---

[4] The court wishes to clarify for the petitioner that being eligible for release to community confinement does not guarantee that she will be approved for it. Rather, once an inmate reaches eligibility, she can apply for release to community confinement and receive an evaluation from the BOP to determine if she is suitable for it, and if so, where she will serve the remainder of her term. *See Alcaras v. Thompson*, No. 2-21-CV-1767, 2022 WL 3030512, at *2 (E.D. Cal. Aug. 1, 2022), *report and recommendation adopted*, No. 22-1-CV-01767, 2022 WL 16855885 (E.D. Cal. Nov. 10, 2022) (adopting the argument that the court "lacks jurisdiction to review BOP discretionary, individualized, decisions concerning release to home confinement and application of time credits" because, pursuant to 34 U.S.C. § 60541(g), these decisions are left to the discretion of the Attorney General and the Department of Justice). In some instances, for example, the BOP may decline to place an individual on community confinement if there is no suitable residential location or facility in a particular community.

### III. CONCLUSION.

The BOP's new calculation establishes that Caitano is currently eligible for community confinement, meaning she has already secured the relief she seeks through her petition. Accordingly, the court denies her petition as moot.

The Clerk of Court is directed to terminate this action and to close this case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 6, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Yvonne Caitano v. Estela Derr, Warden,* CR. NO. 22-00517 SOM-WRP; ORDER DENYING DEFENDANT YVONNE CAITANO'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241.